J-S16023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

DAMMION MATHIS

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 946 WDA 2025

Appeal from the Judgment of Sentence Entered June 30, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002583-2024

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                         **FILED: JULY 8, 2026**

Dammion Mathis appeals from the judgment of sentence of seven to twenty-three months of incarceration followed by one year of probation, imposed as a result of his guilty plea to possession with intent to deliver ("PWID").  His appellate counsel, Tina M. Fryling, Esquire, has filed a petition to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we deny counsel's petition and direct her to file an advocate's brief.

We glean the following from the certified record.  On August 22, 2024, police executed a search warrant at Appellant's residence and recovered, *inter alia*, a plastic bag containing a chunky, white substance.  The suspected contraband was submitted to the crime lab, which later confirmed it was cocaine base with a weight of 9.29 grams.  After being charged with PWID,

John M. Bartlett, Esquire, from the Office of the Public Defender, was appointed to represent Appellant.

On May 6, 2025, Appellant pled guilty to one count of PWID, 75 Pa.C.S. § 780-113(a)(30). Following preparation of a pre-sentence investigation report, Appellant appeared for sentencing, at which time he learned that the crime lab had determined the cocaine weighed 9.29 grams. In light of Appellant's prior record score of two and a listed offense gravity score of ten, the sentencing guidelines calculated his standard range sentence as seven to ten months of incarceration. The court sentenced him to the lowest end of that range. No post-sentence motion followed.

Instead, through counsel, Appellant timely pursued the instant appeal. The court ordered Appellant to submit a Pa.R.A.P. 1925(b) concise statement, but Attorney Bartlett did not comply.[1] Approximately one month after initiating this appeal, counsel filed on Appellant's behalf a purported motion for reconsideration of sentence challenging the amount of cocaine relied upon in calculating his sentencing guidelines. He contended that the recovered cocaine only weighed approximately 3.5 grams. Citing the pending appeal, the court denied Appellant's motion. Thereafter, Attorney Bartlett submitted a late Rule 1925(b) concise statement challenging the sufficiency of the evidence regarding the weight of the seized cocaine and its effect upon

---

[1] We remind the trial court that all Rule 1925(b) orders must include "the address to which the appellant can mail the Statement" and "that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iii), (iv).

Appellant's sentencing guidelines.  In light of the late concise statement and post-sentence motion, as well as Attorney Bartlett's failure to promptly file a proper docketing statement or brief in this Court, we remanded the matter for the trial court to remove him as counsel and to provide Appellant new legal representation.  It was at this juncture that the trial court appointed Attorney Fryling.

As noted above, Attorney Fryling has submitted an *Anders* brief in this Court.  Therein, she sets forth a single issue arguably supporting an appeal: "Was the evidence used in sentencing [Appellant] sufficient in terms of the amount of controlled substances possessed?" *Anders* brief at 1 (unnecessary capitalization omitted).  First, we set forth the well-settled principles governing our review of *Anders* cases:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof[.]
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

. . . .

> In the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Falcey**, 310 A.3d 313, 314–15 (Pa.Super. 2024) (cleaned up).

Our review confirms that counsel has complied with these requirements. Further, Appellant has not retained new counsel or filed a *pro se* response. Accordingly, we turn to the merits of the single claim raised. Although unartfully framed, we deduce that this issue implicates the calculation of Appellant's offense gravity score based upon the weight of the drugs seized. Such a challenge "implicates the discretionary aspects of the sentence." **Commonwealth v. Sunealitis**, 153 A.3d 414, 420 (Pa.Super. 2016). For this Court to address the merits of a discretionary sentencing claim, we first assess whether the appellant has timely filed a notice of appeal, preserved the issue in a timely post-sentence motion, included a Pa.R.A.P. 2119(f) statement in his brief, and presented a substantial question that the appealed-from sentence violates the Sentencing Code. **Id**.

As our case history detailed, Attorney Bartlett did not preserve this issue because he raised it in an untimely post-sentence motion filed during the

pendency of the instant appeal. Having failed to satisfy that four-part test, Appellant's discretionary sentencing issue is waived. Since it would be frivolous to raise a waived claim on appeal, we agree with counsel that this issue cannot support the present appeal.[2] ***See Commonwealth v. Cook***, 175 A.3d 345, 350 (Pa.Super. 2017).

Finally, we conduct our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). It is evident from the face of the record that Appellant's post-sentence and initial appellate advocacy was plagued by missteps at the hands of Attorney Bartlett. He failed to file in a timely manner: (1) a post-sentence motion preserving Appellant's discretionary aspects of sentencing claim; (2) a concise statement; (3) a docketing statement; and (4) a brief. Generally, claims of ineffective assistance of counsel are reserved for review pursuant to the Post Conviction Relief Act ("PCRA"). ***See Commonwealth v. Stefanowicz***, 315 A.3d 162, 172 (Pa.Super. 2024). Nonetheless:

> Three exceptions have been recognized to the general rule that ineffective assistance claims may not be raised in a direct appeal: (i) in extraordinary circumstances where a discrete claim (or

---

[2] We note that Attorney Fryling found this issue frivolous after considering whether the weight was properly established to be 9.29 grams. Since she did not classify the issue as one challenging the offense gravity score or the discretionary aspects of sentencing, she did not consider the issue pursuant to the legal tenets governing such claims.

claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; (ii) where the defendant asserts multiple ineffective assistance claims, shows good cause for direct review of those claims, and expressly waives his entitlement to PCRA review before the trial court; and (iii) here the defendant is statutorily precluded from obtaining subsequent PCRA review.

*Id*. (cleaned up).

Our review of the record bears out that the first exception may apply.

We consider ineffectiveness claims pursuant to the following principles:

Counsel is presumed effective, and an appellant has the burden of proving otherwise. In order for [an] appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

To prevail on his ineffectiveness claims, [an] appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) appellant suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (cleaned up).

As explained above, Attorney Bartlett's failure to timely file Appellant's post-sentence motion challenging the offense gravity score has resulted in it being deemed waived on appeal. Had plea counsel preserved the issue in a timely post-sentence motion, the remainder of the four-part test could have been satisfied because "a claim that the sentencing court misapplied the

guidelines presents a substantial question."[3] ***Sunealitis***, 153 A.3d at 421 (cleaned up). If he had cleared that hurdle, we would then be able to address the issue's merits. Though a discretionary sentencing claim, because "the calculation of the offense gravity score is a matter of statutory interpretation, which raises a question of law[,]" we review that portion of the claim *de novo*. ***Id***. (cleaned up).

The sentencing guidelines set the offense gravity score as seven for a violation of § 780-113(a)(3) when the individual possesses between five and ten grams of cocaine. ***See*** 24 Pa. Code § 303.15. Despite Appellant falling within that weight range, Appellant's guidelines placed his PWID charge at an offense gravity score of ten. Combined with his prior record score of two, this resulted in an increase on the sentencing matrix from what should have been a standard range guideline sentence of two to five months of incarceration, to seven to ten months of incarceration. ***See*** 24 Pa. Code § 303a.14. It is conceivable that Appellant was prejudiced by the incorrect guidelines.

Since Attorney Fryling missed this potentially meritorious issue, we cannot agree that the instant appeal is wholly frivolous. Accordingly, we deny counsel's petition to withdraw and direct her to file, within thirty days of this decision, either an advocate's brief or a revised ***Anders*** brief explaining why

---

[3] Furthermore, the trial court would have had the opportunity to consider it first to potentially provide relief and, if not, we would then review the court's exercise of its discretion.

such an argument cannot support an appeal.  The Commonwealth shall file a brief in response within thirty days thereafter.

Petition to withdraw denied.  Panel jurisdiction retained.